UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TOR ERNEST ANDERSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHARLES W. CALLAHAN,<br>Warden,<br><br>　　　　Respondent. | Case No. SACV 18-01493-GW (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation ("R&R") of the United States Magistrate Judge, and the Objections to the R&R filed by Petitioner on October 5, 2018 ("Objections" or "Obj."). Having engaged in a de novo review of those portions of the R&R to which objections have been made, the Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

In the R&R, the Magistrate Judge recommended that the Petition be denied as untimely. In his Objections, Petitioner seeks to "clarify the facts" in order to provide "the Court sufficient specific facts and information to answer

all questions and conjecture the Court . . . offered in its Report and Recommendation." Obj. at 8. In particular, Petitioner addresses the Magistrate Judge's finding that he was not entitled to equitable tolling of the one-year statute of limitations on the basis that the C Facility prison law library copier was "out of commission" until August 16, 2018.

As the Magistrate Judge concluded, the statute of limitations expired on August 15, 2018. Petitioner did not constructively file his Petition until August 17, 2018. In his Objections, Petitioner clarifies that he completed his Petition on August 10, 2018, continued reviewing it through August 13, 2018, and attempted to make copies on August 14, 2018, "only to discover the copier was still out of service." Obj. at 1-2. He notes that even if the copier became operational on August 15, 2018, the law library was closed that day, and therefore, inaccessible to the inmate population. Id. at 4. Petitioner further explains why it was necessary to take an additional day to review the copies after they were made and the reasons he included large portions of the record. Id. at 4-5.

Even accepting these allegations as true, however, a limitation on law library access or resources is a normal incident of prison life, not an extraordinary circumstance for purposes of equitable tolling. Paul v. Kernan, 2016 WL 8504497, at *8 (C.D. Cal. Dec. 7, 2016), Report and Recommendation accepted by 2017 WL 1025166 (C.D. Cal. Mar. 15, 2017). As the Ninth Circuit has explained, "[o]rdinary prison limitations on [a petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) [are] neither 'extraordinary' nor ma[ke] it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule-. . . ." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

Petitioner's contentions are insufficient to show the kind of extraordinary circumstance that warrants equitable tolling. See, e.g., Herrera v. Sec'y of Corr., 2018 WL 3424583, at *9 (C.D. Cal. Apr. 5, 2018) (petitioner was not entitled to equitable tolling on the ground that he did not have sufficient money to pay for copies), Report and Recommendation accepted by 2018 WL 3410104 (C.D. Cal. July 12, 2018); Hill v. Pfeiffer, 2017 WL 3393836, at *3 (S.D. Cal. Aug. 3, 2017) ("'common day-to-day security restrictions in prison,' such as a stay in administrative segregation and limited access to a law library or copy machine, are not 'extraordinary' enough to justify the application of equitable tolling"), Report and Recommendation adopted by 2017 WL 4003771 (S.D. Cal. Sept. 12, 2017); Alexander v. Ducart, 2016 WL 8189265, at *3 (C.D. Cal. Dec. 2, 2016) (claim that petitioner had trouble making copies was insufficient to warrant equitable tolling), Report and Recommendation accepted by 2017 WL 436385 (C.D. Cal. Feb. 1, 2017); Gonzalez v. Warden, 2016 WL 8731797, at *8 (C.D. Cal. Jan. 21, 2016) (petitioner was not entitled to equitable tolling on ground that he was unable to make copies), Report and Recommendation accepted by 2016 WL 8738092 (C.D. Cal. July 29, 2016).

Further, Petitioner has not demonstrated that he diligently pursued his rights throughout the limitations period. In order to be entitled to equitable tolling, Petitioner must show both that: (1) "he has been pursuing his rights diligently"; and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Pace's diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running." Blount v. Biter, 2012 WL 3150943, at *4 (C.D. Cal. Aug. 2, 2012) (citing Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006); Smith v. McGinnis,

208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). Notably, based on Petitioner's own account, he completed his habeas petition and attempted to make copies on August 14, 2018, a day before the limitations period expired. See, e.g., Rodarte v. Frink, 2015 WL 7965856, at *5 (C.D. Cal. July 9, 2015) (petitioner not entitled to equitable tolling where he failed to show he was pursuing his rights diligently in the time between when the limitations period began and when it expired), Report and Recommendation accepted by 2015 WL 8022945 (C.D. Cal. Dec. 3, 2015); Applegate v. McEwen, 2012 WL 1463316, at *10 (C.D. Cal. Mar. 19, 2012) (equitable tolling was not warranted where the petitioner failed "to address the fact that he waited until just 12 days of the AEDPA limitations period remained before commencing his pursuit of state habeas relief"), Report and Recommendation accepted by 2012 WL 1458233 (C.D. Cal. Apr. 26, 2012); Green v. Cal. Dep't of Corr., 2009 WL 393780, at *1 (C.D. Cal. Feb. 17, 2009) (finding that equitable tolling was not warranted where "[t]he facts demonstrate[d] Petitioner was not diligently pursuing his rights throughout the time the limitation period was running" and "waited until the proverbial last minute to file a defective First Petition"); Estrada v. Adams, 2008 WL 756353, at *4 (E.D. Cal. Mar. 20, 2008) (petitioner failed to demonstrate that "he diligently pursued his rights throughout the entire limitations period to warrant relief under the principles of equity"). Petitioner also concedes that he chose not pursue any alternative means of making copies, "decid[ing], based on prior experience, to forego [the] process" of pursuing alternative means within the prison. See Obj. at 8.

    The Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling. Therefore, the Petition is untimely.

    IT IS THEREFORE ORDERED that:

    1. Petitioner's "Request for 'Stay and Abeyance'" and "Request for Leave to Amend" are DENIED; and

2. Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: February 22, 2019

_____
GEORGE H. WU
United States District Judge